DOA: 2/13/2024

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| United States of America | CRIMINAL COMPLAINT |
|---|---|
| v. | CASE NUMBER: 24-6095MJ |
| Daisy Castillo Meza, | |
| and | |
| Ivan Alejandro Valenzuela Rosas. | |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

On or about the date described in Attachment A in the County of Yuma in the District of Arizona, the defendants violated 18 U.S.C. §§ 554(a) and 2 offenses described as follows:

**See Attachment A – Description of Count**

I further state that I am a Special Agent with Homeland Security Investigations, and that this Complaint is based on the following facts:

**See Attachment B, Statement of Probable Cause, Incorporated by Reference Herein.**

Continued on the attached sheet and made a part hereof:  ☒Yes  ☐ No

AUTHORIZED BY: Jacqueline Schesnol, AUSA

*Digitally signed by JACQUELINE SCHESNOL*
*Date: 2024.02.15 13:32:05 -07'00*

Kayla Cahill, HSI
Name of Complainant

KAYLA R CAHILL
*Digitally signed by KAYLA R CAHILL*
*Date: 2024.02.15 12:50:20 -07'00*

Signature of Complainant

Sworn to telephonically before me

February 15, 2024 @ 2:12pm                  at    Phoenix, Arizona
Date                                                        City and State

HONORABLE ALISON S. BACHUS
United States Magistrate Judge
Name & Title of Judicial Officer                    Signature of Judicial Officer

## ATTACHMENT A
## DESCRIPTION OF COUNT
### COUNT 1

On or about February 9, 2024, in the District of Arizona, Defendants DAISY CASTILLO MEZA and IVAN ALEJANDRO VALENZUELA ROSAS knowingly and fraudulently exported and sent from the United States, and attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, or aided, abetted, counseled, commanded, induced or procured its commission or willfully caused an act to be done, that is:

- Century Arms VSKA AK-47, 7.62x39 caliber rifle, serial number SV7094874; and
- unloaded US Palm 30 round AK-47 Magazine, 7.62x 39 millimeter.

knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819; Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

In violation of Title 18, United States Code, Sections 554(a) and 2.

## ATTACHMENT B
## STATEMENT OF PROBABLE CAUSE

I, Kayla Cahill, a Special Agent for Homeland Security Investigations (HSI) being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations (HSI). I have been appointed as a Special Agent since October of 2020. I was previously employed by the United States Border Patrol as a Patrol Agent from August 2014-October 2020. Since being appointed as a Special Agent, your Affiant has conducted investigations relating to Cyber Crimes, Narcotics Smuggling, and Human Smuggling.

2. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents involved in the investigation, and information obtained from witnesses. Based on the below facts, your Affiant submits there is probable cause to believe that Daisy CASTILLO Meza (CASTILLO) and her husband Ivan Alejandro VALENZUELA Rosas (VALENZUELA) smuggled goods from the United States into Mexico and aided, abetted, counseled, commanded, induced or procured its commission or willfully caused an act to be done, in violation of Title 18, United States Code (U.S.C.), Sections 554(a) and 2.

## PROBABLE CAUSE

3. On February 9, 2024, at approximately 10:28 p.m., Daisy CASTILLO Meza, a United States Citizen, attempted to enter into Mexico through the Port of Entry, in San Luis, Arizona (SLU POE). CASTILLO was the driver and sole occupant of a gray Hyundai Elantra, bearing AZ plates (KMA925). U.S. Customs and Border Protection (CBP) Officer Karcz made contact with CASTILLO, obtained her U.S. Passport, a negative oral outbound Customs declaration for firearms, ammunition, U.S. currency, or other monetary instruments more than $10,000, and then referred the vehicle for further inspection.

4. During secondary inspection, CBP Officer J. Hudson obtained a second negative oral outbound Customs declaration and escor5ted the driver into the vehicle secondary

office. At approximately 9:53 p.m., Canine Enforcement Officer (CEO) Thomas, and his canine, Sissy #230597, conducted a canine sniff for firearms of the vehicle, after an anomaly was observed in the engine compartment, to which Sissy alerted. CBP Officers searched the vehicle and discovered a Century Arms VSKA AK-47, 7.62x39 caliber rifle, serial number SV7094874 semi-automatic rifle hidden under the hood on top of the vehicle's engine. An unloaded US Palm 30 round AK-47 Magazine, 7.62x39 millimeter was also seized, as well as a black iPhone.

5. HSI Special Agents Kayla Cahill and Rebekah Stanley arrived on site, and escorted CASTILLO to an interview room at approximately 11:30 p.m.

6. HSI Agents advised CASTILLO of her *Miranda* warnings. CASTILLO waived those rights and agreed to answer questions.

7. During the interview, CASTILLO admitted that she knew the Century Arms VSKA AK-47, 7.62x39 caliber rifle was in the vehicle she was driving that evening. CASTILLO further admitted that she recruited a straw purchaser, henceforth Individual 1, via text message on her cellular phone, to purchase the Century Arms VSKA AK-47, 7.62x39 caliber rifle. The Century Arms VSKA AK-47, 7.62x39 caliber rifle was going to be provided to a man in Mexico. The man in Mexico is Individual 2. CASTILLO advised she was going to be paid $600 to acquire the firearm and smuggle it into Mexico herself.

8. CASTILLO went on to state that she had obtained firearms for Individual 2 in the past, and that one of those firearms was at the trailer in Yuma, Arizona where she used to live.

9. Law enforcement agents were able to determine that the trailer in Yuma was owned by CASTILLO's grandmother.

10. CASTILLO also advised that she has worked for Individual 2 on at least two other occasions, assisting in recruiting straw purchasers, as well as purchasing firearms and ammunition, and smuggling them into Mexico.

11. CASTILLO was released pending further investigation.

12.     On February 13, 2023, at approximately 7:00 p.m., CASTILLO and her husband, Ivan Alejandro VALENZUELA Rosas, a Mexican citizen, arrived at the SLU POE from Mexico to meet with HSI agents.

13.     At approximately 8:00 p.m., HSI and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents arrived at the SLU POE and interviewed both CASTILLO and VALENZUELA.  Both CASTILLO and VALENZUELA were given their *Miranda* warnings.  Both CASTILLO and VALENZUELA waived those rights and agreed to answer questions.

14.     During the interview on February 13, 2024, VALENZUELA advised he had been approached by Individual 3 in Mexico, who had previously expressed interest in acquiring a firearm.  VALENZUELA admitted that he was aware that his wife, CASTILLO, was able to acquire firearms, and that she would provide those firearms to people in Mexico.  VALENZUELA admitted that he and CASTILLO formulated a scheme to acquire the firearm that was seized on Friday, February 9, 2024.  This plan was accomplished utilizing Individual 1 as the straw purchaser, who was recruited by CASTILLO.  VALENZUELA admitted he set up the deal and that he was going to be paid $100 in U.S. currency for doing so.

15.     VALENZUELA advised that he and CASTILLO currently reside in Mexico and have lived in Mexico for over a year.  VALENZUELA advised that he and CASTILLO previously lived in a trailer in Yuma, Arizona.

16.     During the interview on February 13, 2024, CASTILLO advised that she had been given instructions by Individual 2 on how to conceal the firearm found in her vehicle on February 9, 2024.  CASTILLO admitted that Individual 2 told her to disassemble the firearm and hide it in the hood of the vehicle.  As stated above, this is how and where the firearm was found on February 9, 2024.

17.     During the interview on February 13, 2024, CASTILLO confirmed that the firearm she told federal law enforcement agents about on February 9, 2024 (that she had obtained

for Individual 2) was still at the trailer in Yuma owned by her grandmother. CASTILLO gave consent to search the trailer.

18. Federal law enforcement agents contacted CASTILLO's grandmother (the owner of the trailer in Yuma. CASTILLO's grandmother also gave consent to search the trailer, and a family member provided a key to federal agents to unlock the door.

19. Federal law enforcement agents located a semi-automatic rifle, body armor, and several empty boxes designed to store ammunition inside the trailer.

20. CASTILLO gave consent to review her cellular telephone on both February 9, 2024, and at 12:28 a.m. on February 14, 2024. In review of CASTILLO's phone, Agents discovered texts and photos on WhatsApp[1] from CASTILLO to VALENZUELA confirming:

   a. the recruitment of Individual 1;
   b. arrival of Individual 1 and CASTILLO at the firearms store;
   c. acquisition of the firearm;
   d. CASTILLO advising VALENZUELA to let Individual 3 know the firearm was acquired; and
   e. CASTILLO'S plan to leave the firearm in the trailer where CASTILLO and VALENZUELA previously lived, while CASTILLO was at her place of work in the United States, before bringing the firearm to Mexico.

21. From review of CASTILLO's WhatsApp account, Agents could see that VALENZUELA had deleted the messages he sent (a permissible function of WhatsApp).

22. Agents also observed calls from VALENZUELA to CASTILLO immediately before and during the apprehension of CASTILLO on February 9, 2024. Based on your

---

[1] Your Affiant knows that WhatsApp (officially WhatsApp Messenger) is an instant messaging (IM) and voice-over-IP (VoIP) service owned by technology conglomerate Meta. It allows users to send text, voice messages and video messages, make voice and video calls, and share images, documents, user locations, and other content. WhatsApp's client application runs on mobile devices and can be accessed from computers. The service requires a cellular mobile telephone number to sign up.

Affiant's training and experience, I believe VALENZUALA was communicating with CASTILLO about the firearm CASTILLO was attempting to bring into Mexico, the deal he (VALENZUALA) helped arrange.

23. At CASTILLO's interview on February 13, 2024, CASTILLO re-confirmed her involvement in the events of Friday, February 9, 2024, and advised that VALENZUELA was directly involved in finding the buyer (Individual 3) of the firearm in Mexico.

24. CASTILLO also re-confirmed her involvement in the trafficking of firearms into Mexico for Individual 2.

25. CASTILLO advised that she does not have a license to sell or export firearms.

26. CASTILLO advised that she lives in Mexico, and only stays in Yuma, Arizona occasionally when travelling for work.

## CONCLUSION

27. For these reasons, your Affiant submits that there is probable cause to believe Daisy CASTILLO Meza and Ivan Alejandro VALENZUELA Rosas committed the violations, Smuggling Goods from the United States and aided, abetted, counseled, commanded, induced or procured its commission or willfully caused an act to be done, in violation of Title 18, United States Code §§ 554(a) and 2.

28. I declare under penalty of perjury under the laws of the Unites States of America that the forgoing is true and correct.

**KAYLA R CAHILL**
Digitally signed by KAYLA R CAHILL
Date: 2024.02.15 12:51:06 -07'00'

KAYLA CAHILL
Special Agent
Homeland Security Investigations

Sworn to and subscribed electronically this  15th   day of February, 2024.

HONORABLE ALISON S. BACHUS
United States Magistrate Judge